## SMITH et al. v. SABIN.*

### No. 16,014; January 30, 1896.

#### 43 Pac. 588.

**Appeal.**—Where There is a Conflict in the Evidence, the finding of the trial court will not be disturbed.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by William F. Smith and others against John I. Sabin. There was a judgment for defendant and plaintiffs appeal. Affirmed.

A. Heynemann for appellants; Stanley, Hayes, McEnerney & Bradley for respondent.

BELCHER, C.—The plaintiffs were architects, doing business as partners under the firm name of Smith & Freeman. They brought this action in July, 1893, to recover the balance alleged to be due them for services performed at the request of the defendant, in 1891, in drawing plans and specifications, and procuring bids thereon, for a hotel, to be called "Hotel Edison," and to be situated at the corner of Sutter and Hyde streets, in the city of San Francisco, but which was never constructed. It is alleged that the hotel was to cost about the sum of $134,000, and that the reasonable value of plaintiffs' services was $3,350, of which sum $1,000 had been paid, leaving still due $2,350, for which judgment was asked. The answer of defendant denied that the proposed hotel was to cost about the sum of $134,000, and alleged that the plans and specifications prepared by plaintiffs were made under the express agreement that they should not require the expenditure of, and the hotel should not cost, any greater sum than $100,000; that all of the services performed by plaintiffs were performed under that special contract, and that the plans and specifications made and furnished by plaintiffs required the expenditure of $134,775, and that no other plans or specifications had ever been prepared by plaintiffs for defendant for the erection of said or any hotel. The case was

---

*Rehearing denied.

tried by the court without a jury, and the findings were that the Hotel Edison was not to cost about the sum of $134,000, but, on the contrary, before the performance of any services by plaintiffs for defendant, it was understood and agreed between them that the plans and specifications to be prepared should not require the expenditure of more than about $100,000; that the plans and specifications made by plaintiffs were made under the express agreement that the hotel should not, under said plans and specifications, cost any greater sum than about $100,000; that the only plans and specifications made and furnished by plaintiffs required the expenditure by defendant of the sum of $134,775; that while the plaintiffs were engaged in drawing said plans and specifications, and while their contract to draw the same was unfinished and unperformed, the defendant, at the request of the plaintiffs, paid on account thereof the sum of $1,000; and that upon the trial of this case the return of said sum of $1,000 was waived by defendant; and, as a conclusion of law, it was found that the defendant was entitled to judgment against the plaintiffs for his costs. Judgment was accordingly entered that the plaintiffs take nothing by the action, from which, and from an order denying their motion for a new trial, they have appealed.

In support of the appeal it is earnestly urged—and this is the only point made—that the findings were not justified by the evidence, and hence that the judgment should be reversed. This position cannot be sustained. After carefully going over the record, we are satisfied that there was evidence tending to support the theory of the defense, and to justify the findings. This being so, the case comes within the well-settled rule of this court that where there is a conflict of evidence the findings of the trial court will not be disturbed on appeal. It would subserve no useful purpose to detail the evidence introduced by the respective parties, and it is therefore passed without more particular notice. The judgment and order appealed from should be affirmed.

We concur: Britt, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.